E-fil:

1  JOHN L. BURR  , ESQ.   CSB#69888
2  LAW OFFICE   OF JOHN L. BURRIS
   Airport Corpora  Centre
3  7677 Oakport Street. Suite 1120
   Oakland. CA  94621-1939
4  Tel: (510) 839-5 00
   Fax: (510) 839- 3882
5  E/M: John.Bu        BurrisLaw.com

6  Attorneys for Josefina Escamilla,
   Jose Fernando Escamilla, and MAE
7  and RFE, minors, by and through their
8  guardian ad litem, Josefina Escamilla

FILED

JUL 2 9 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

9

10                     UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA              ADR

12                                   (OAKLAND)

13                                                        C10-03334

14  JOSEFINA ESCAMILLA, JOSE,                   CIVIL NO.
15  FERNANDO ESCAMILLA, and
    MAE and RFE minors, by and               COMPLAINT FOR DAMAGES
16  through their guardian ad litem,          (CIVIL RIGHTS)
    JOSEFINA ESCAMILLA,
17
18            Plaintiffs,
19      vs
20  CITY OF OAKLAND: Oakland                   **JURY TRIAL DEMANDED**
    police Sergeant BLOCK; Oakland
21  police officer HINGER; Oakland
    police officer CRABTREE: Oakland
22  police officer PAPPAS; and DOES
23  1 through 15, inclusive,
24            Defendants.
25  ----------------------------------------------------/
26                                   JURISDICTION
27      1.      This action arises under Title 42 of the United States Code, Section
28  1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States

Constitution. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Section 1331 and 1343. The Northern District is the proper venue in that all the acts complained of occurred in the City of Oakland, which is within this judicial district. Plaintiff requests the Court exercise jurisdiction over pendent state claims and causes of action under Title 28 of the United States Code, Section 1367. With respect to state causes of action, plaintiffs have filed suit within the time periods prescribed by California Government Code §§ 911.2 and 945.6 in that the requisite claim was file on November 25, 2009, within six months of the incidents underlying the claim. Suit was filed on July 29, 2010, within six months of the date the claim was rejected, January 29, 2010. All administrative requirements precedent to bringing suit against these defendants and upon the causes of action set forth herein have been fulfilled.

PARTIES

2. Plaintiffs JOSEFINA ESCAMILLA and JOSE FERNANDO ESCAMILLA are, and at the time of the incidents related herein were, husband and wife residing at [illegible]4 High Street in Oakland, California. Each is, and at all times herein mentioned was, a natural person, a citizen of the United States, and a resident of the State of California. Plaintiffs MAE and RFE are minors proceeding in this action through their guardian ad litem, JOSEFINA ESCAMILLA.

3. Plaintiffs allege that defendant CITY OF OAKLAND is a municipal governmental entity within the County of Alameda, State of California, one of whose agencies is the Oakland Police Department. Defendant CITY OF OAKLAND is subject to suit pursuant to 42 U.S.C. § 1983 and Monell vs Dept. of Social Services, 436 U.S. 658 (1978).

4. Defendants Oakland police Sergeant GLOCK, and Oakland police

1  officers EDING & R. CRABTREE and PAPFAS were at all times mentioned herein

2  employed by defendant CITY OF OAKLAND and are sued in their official capacities

3  as law enforcement officers for CITY. In engaging in the conduct described herein,

4
   while said defendants acted under the color of law in the course and scope of their
5
6  employment, they exceeded the authority vested in them by the United States

7  Constitution and by the CITY OF OAKLAND.

8      5.    Plaintiffs are ignorant of the names and capacities, whether individual,

9  corporate, associate, or otherwise, of defendants named herein, as DOES 1 through 15,

10 inclusive and therefore sues these defendants by such fictitious names. Plaintiffs will

11 amend this complaint to allege their true names and capacities when ascertained.

12
   Plaintiffs are informed and believes and thereon alleges that each of the fictitiously
13
   named defendants is responsible in some manner for the occurrences herein alleged,
14
15 and that plaintiffs' damages herein alleged were proximately caused by such

16 defendants.

17     6.    Plaintiffs are informed and believe and hereon allege, that at all times

18 mentioned, the defendants, including those defendants sued as "DOE", and each of

19 them, were the agents and employees of each of the other defendants, and in doing the

20
   things hereinafter alleged were acting within the scope of their authority as such
21
22 agents and employees, and with the permission and consent of each other. The

23 relationships between defendants were and are created by agreement, by ratification,

24 by ostensible authority or otherwise, and this Paragraph is not a limitation on the

25 manner in which said relationships were created as a matter of fact or a matter of law.

26

27

28

1

### STATEMENT OF FACTS

2

    7.    Plaintiffs hereby incorporate paragraphs 1 through 6 by reference, as

3

though the allegations therein were realleged at length and in full.

4

    8.    On may 26, 2009 at approximately 7:45 a.m., CITY OF OAKLAND

5

police and ICE officers presented themselves at plaintiffs' home at 2424 High Street,

6

Oakland, California requesting entry. When plaintiff JOSEFINA ESCAMILLA asked

7

the officers to produce a warrant, the officers made forcible entry by using a tool to

8

break the door. Upon entry, one of the ICE officers struck JOSEFINA ESCAMILLA

9

in the head, rendering her briefly unconscious. Her son RFE was also struck and they

10

were both placed in handcuffs. JOSE FERNANDO ESCAMILLA came downstairs

11

and was forced to the ground. When he saw officers continuing to hit RFE, even as he

12

was being seated on the ground, JOSE FERNANDO ESCAMILLA told the officers

13

to leave his son alone. In response, more than one officer drew and pointed their

14

firearms at plaintiffs. After extensive on-site questioning by ICE officers/agents, the

15

Oakland police officers took JOSEFINA ESCAMILLA outside in her nightgown and

16

in handcuffs, refusing to let her put on appropriate clothing. She was transported to

17

Santa Rita jail and held there for two weeks on charges of resisting arrest. After being

18

released from Santa Rita, she was required to wear a GPS device until, after three court

19

appearances, the charges were dismissed. None of the plaintiffs had a prior criminal

20

record. The Oakland officers seized and failed to return the camera with which RFE

21

had attempted to record the entry, manhandling and arrest.

22

### DAMAGES

23

24

    9. As a proximate result of defendants' conduct, and each of them, plaintiff

25

JOSEFINA ESCAMILLA was painfully injured by being struck in the head and face.

26

27

28

---

**COMPLAINT FOR DAMAGES (EMPLOYMENT CIVIL RIGHTS)**

4

1  She was require to seek and pay for medical care and suffered severe emotional

2  distress and additional expenses as a result of her incarceration.  Each of the plaintiffs

3  suffered mental distress, anxiety, humiliation, embarrassment, and loss of her sense of

4
   security, dign   and pride as a result of the stripping of their constitutional privacy
5
6  rights, and the unlawful seizure and use of force against them.

7      10.    Plaintiffs found it necessary to engage the services of private counsel to

8  vindicate their rights under the law and are therefore entitled to an award of all

9  attorneys' fees incurred in relation to this action for violation of their civil rights.

10

11                        FIRST CAUSE OF ACTION
                          Violation of 42 U.S.C. § 1983
12                        (Defendants GLOCK, EDINGER,
                          CRABTREE, PAPPAS and DOES 1 through 15)
13
14      11.    Plaintiffs hereby incorporate paragraphs 1 through 10 by reference, as

15  though fully set forth herein.

16      12.    In doing the acts complained of herein, defendants acted under color of

17  law to deprive the plaintiffs of certain constitutionally protected rights, including, but

18  not limited to (a) the right not to be deprived of liberty without due process of law; (b)

19  the right to be free from the use of excessive force and unlawful seizure, including
20
   invasion of privacy; (c) the right to be free from preconviction punishment; and (d) the
21
22  right to equal protection of the laws of the United States.

23      13.    As a proximate result of defendants' wrongful conduct, Plaintiff

24  suffered injuries and damages as set forth herein.

25      WHEREFORE, Plaintiffs pray for relief as set forth herein.

26                        SECOND CAUSE OF ACTION
                          Violation of 42 U.S.C. § 1983
27                        (Defendant CITY OF OAKLAND)
28

14. Plaintiffs hereby incorporate paragraphs 1 through 13 by reference, as though fully set forth herein.

15. Defendant CITY OF OAKLAND were, prior to the incident giving rise to this complaint given notice of a pattern of ongoing constitutional violations and unlawful practices, and likely continuance of same by ICE agents and officers who operated in conjunction with, and with the support and active assistance of, Oakland police officers. Said practices have resulted in, and continue to result in injury to citizens residing in the CITY OF OAKLAND. Despite this notice, defendant CITY OF OAKLAND demonstrated deliberate indifference to this pattern of practices by failing to take necessary and appropriate measures to insure that Oakland police officers did not continue to participate in the misconduct and that they reported such misconduct when it occurred. This lack of an adequate supervisorial or executive response by defendant CITY OF OAKLAND demonstrates the existence of an informal custom or policy which tolerates the continued violation of civil rights of citizens by Oakland officers acting under the auspices of, and in concert with, ICE. The acts of the individual defendant Oakland officers and sergeant were foreseeable and proximate results of that indifference.

16. As a proximate result of defendants' wrongful conduct, Plaintiff suffered injuries and damages as set forth herein.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### THIRD CAUSE OF ACTION
California Civil Code §52.1(b)
(Defendants GLOCK, EDINGER, CRABTREE, PAPPAS and DOES 1-15 inclusive)

17. Plaintiff hereby incorporates paragraphs 1 through 16 by reference, as though fully set forth herein.

18. The conduct of defendants, as described herein, interfered with the plaintiffs' enjoyment of their rights under the constitution of the state of California, including their right to be free from violence or the threat of violence. Under the provisions of the Civil Code defendants are liable for exemplary damages and for twenty-five thousand dollars ($25,000) in addition thereto for each offense, and for the payment of plaintiffs' attorney fees.

19. As a proximate result of defendants' wrongful conduct, plaintiffs suffered violations of their constitutional rights and sustained damages.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

<div align="center">

FOURTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress
(Defendants GLOCK, EDINGER,
CRABTREE, PAPPAS and DOES 1-15 inclusive)

</div>

20. Plaintiffs hereby incorporate paragraphs 1 through 19 by reference as though fully set forth.

21. The defendants knew, or had reason to know that their conduct would cause plaintiffs severe emotional distress and it did in fact cause plaintiffs extreme emotional distress, mental anguish, humiliation, and emotional and financial distress.

22. The aforementioned acts of the individual defendant offers and sergeant were willful, wanton, malicious and oppressive and justify the awarding of exemplary and punitive damages.

WHEREFORE, Plaintiff prays for judgment as set forth herein.

<div align="center">

FIFTH CAUSE OF ACTION
Assault and Battery
(Defendants GLOCK, EDINGER,
CRABTREE, PAPPAS and DOES 1-15, inclusive)

</div>

23.     Plaintiffs hereby incorporate paragraphs 1-22 by reference, as though fully set forth herein.

24.     The defendant officers and sergeant placed plaintiffs in immediate fear of severe bodily harm by attacking and battering them without just provocation or cause. The defendants committed battery against plaintiffs by physically attacking them. As a proximate result of defendants' wrongful conduct, plaintiffs suffered damages as alleged.

25.     Plaintiff has been required to retain counsel to redress the wrongful conduct by defendants alleged herein and is consequently entitled to an award of reasonable attorney's fees.

26.     The conduct of defendants described herein was done with a conscious disregard of Plaintiff's rights such as to constitute oppression, fraud or malice entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of defendants for the public good.

WHEREFORE, Plaintiff prays for as set forth herein.

## JURY DEMAND

27. Plaintiff demands that a jury try this matter.

## PRAYER

WHEREFORE, plaintiff prays for relief as follows.

1. For special damages in an amount to be ascertained according to proof;

2. For general damages to be proven;

3. For statutory penalties:

4. For punitive damages against individually named defendants in an amount

COMPLAINT FOR DAMAGES (EMPLOYMENT CIVIL RIGHTS)

8

1   sufficient to punish their conduct and to set an example such that similar

2   conduct is abated and/or deterred;

3      5.  For reasonable attorney's fees;

4      6.  For costs of suit incurred herein; and

5

6      7.  For such other and further relief as the Court may deem just and proper.

7   Dated: July 28, 2010          LAW OFFICES OF JOHN L. BURRIS

8

9

10                   By: _____

11                      John L. Burris, Esq.
                    Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES (EMPLOYMENT CIVIL RIGHTS)**